**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HEPA CORPORATION, Respondent.**

No. 78–1215.

United States Court of Appeals, Ninth Circuit.

April 2, 1979.

Elliot Moore, N.L.R.B., Washington, D.C., for petitioner.

Bruce Benjamin, Dubin & Grosberg, Los Angeles, Cal., for respondent.

Before HUFSTEDLER and ANDERSON, Circuit Judges, and SOLOMON *, District Judge.

## PER CURIAM.

The National Labor Relations Board (Board) petitions this Court to enforce its order which requires respondent, Hepa Corporation, to bargain with California Teamsters Public, Professional and Medical Employees Union Local No. 911, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (union).

The Board conducted a certification election for Hepa's employees in July 1976. The union won the election 48 to 15 with two challenged ballots.

Hepa filed objections to the election. It asserted that the union made unlawful threats, promises, and misrepresentations during the election campaign. It also asserted that certain employees acting as an "in-plant" organization had engaged in similar conduct.

After an investigation, the Board's Regional Director ordered a hearing. After a hearing, the hearings officer recommended that the company's objections be overruled, and his findings and recommendation were adopted by the Board, which certified the union.

The company still refused to bargain with the union, and the Regional Director issued a complaint alleging that the company's refusal to bargain violated section 8(a)(1) and (5) of the National Labor Relations Act (Act) [29 U.S.C. § 158(a)(1) and (5)].

The General Counsel moved for summary judgment, and the proceeding was transferred to the Board, which denied Hepa's request for a hearing. The Board granted summary judgment against Hepa and ordered Hepa to bargain with the union. The Board has now applied to this Court to enforce this order.

Hepa contends that the order requiring it to bargain with the union should not be enforced because the union was improperly certified and because the Board did not hold a hearing on these charges.

There is no merit in these contentions, and we order the Board's order enforced.

■ Hepa contends that certain individuals, who it asserts functioned as an "in-plant organizing committee", were responsible for misconduct attributable to the union. Flagrant misconduct attributable to a union authorizing an in-plant organizing committee will invalidate the election. *N. L. R. B. v. Georgetown Dress Corp.,* 537 F.2d 1239 (4th Cir. 1976). Here, these individuals acted without union authorization and without apparent authority to act for the union. The Board properly concluded that any misconduct by these employees could not be attributed to the union.

Hepa, nevertheless, contends that misconduct attributable to these individuals invalidated this election. It points to the testimony of an employee who said that a second employee had overheard a third employee tell a fourth employee that two other employees would be hurt for opposing the union. The Board properly rejected this hearsay. The evidence supports the Board's determination that this election was not invalidated by third-party misconduct.

■ Hepa contends that a rumor that the company planned to fire employees who supported the union went through the plant before the election and invalidated the election. Both parties agree that the plant was a rumor mill before the election. Hepa's employees were therefore aware of the speculative nature of these rumors. The Board was justified in holding that this rumor did not invalidate this election.

The Board also rejected Hepa's contention that the employees opposed to the union found the atmosphere at the plant coercive because of the attitude of the union's supporters. The Board observed that fac-

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

tionalism and attendant slight verbal friction were usual effects of a partisan election and do not invalidate elections.

The Board also properly rejected the contention that two union representatives at two union meetings invalidated this election. Hepa contended that at the first meeting an employee who opposed the union was improperly silenced and was threatened with expulsion from the meeting. This employee admitted that he was engaged in a heated "shouting contest" with the union representative immediately before this threat, that he remained at the meeting, and that he was permitted to question the union representative. The Board ruled that the attempt of the union representative to regulate the meeting was proper. We agree. Hepa contends that at another meeting held the night before the election a union representative misstated the benefits the union could provide members which misstatements were material and substantial. Hepa relies on the NLRB's rule that material and substantial misrepresentations immediately before an election invalidate the election. *General Knit of California*, 239 N.L.R.B. No. 101, 99 L.R.R.M. 1687 (1978); *Hollywood Ceramics Company, Inc.*, 140 N.L.R.B. 221 (1962).

Hepa contends that the Board did not apply the *Hollywood Ceramics* standard when it decided this unfair labor practices charge but erroneously applied the standard of *Shopping Kart Food Market, Inc.*, 228 N.L.R.B. 1311, 94 L.R.R.M. 1705, a decision in which the Board announced that it would not review the truth of representations. The Board later reversed the *Shopping Kart* standard. Here, the Board granted summary judgment on its earlier certification of the union, which was announced before *Shopping Kart*, when the Board followed the *Hollywood Ceramics* standard.

We hold that the Board properly refused to invalidate the election, that the statements by the union representatives were properly evaluated, and that the evidence did not substantiate Hepa's allegations of union coercion or that substantial material misrepresentations attributable to the union were made.

 Finally, Hepa contends that this order should not be enforced because the Board improperly denied its request for a hearing on this unfair labor practices charge. Hepa did not state what its new evidence would show or how it would affect the Board's decision. Neither did it show that this new evidence was not available at the time of the certification proceeding. There is no merit in Hepa's contention that the Board was obligated to conduct a hearing because it failed to delineate a clear legal standard on what constituted "in-plant" organization. Here, the Board had found that there was no "in-plant" organizing committee, and the resolution of this contention did not require a hearing.

The Board's decision to certify this election was supported by substantial evidence. The Board's summary judgment against Hepa for refusing to bargain with the union was also proper. The order of the Board is ENFORCED.